IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, individually and on behalf of other similarly situated employees and former employees of Defendants, Plaintiff(s), | § § § § § | |
| vs. | § § | CIVIL ACTION NO. _____ JURY DEMANDED |
| PETROLEUM COORDINATORS, INC. and PLAINS EXPLORATION & PRODUCTION COMPANY, Defendants. | § § § § § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Richard Barnes, individually and on behalf of other similarly situated employees and former employees of Defendants, filing this his *Complaint* complaining of Petroleum Coordinators, Inc. and Plains Exploration & Production Company, Defendants (collectively referred to herein as "Defendants"), and for cause of action would respectfully show the following:

## I. PARTIES

1.1.    Plaintiff, *Richard Barnes* ("Barnes" or "Plaintiff"), is an individual residing in Kalkaska, Michigan, who files this lawsuit on his behalf and on behalf of other similarly situated current and former employees and workers of Defendants who may subsequently opt-in this lawsuit.

1.2.    Defendant, *Petroleum Coordinators, Inc.* ("Petroleum Coordinators"), is a Louisiana corporation with its principal place of business in Lafayette, Louisiana. Petroleum Coordinators may be served with process through its registered agent, Edgar R. Martien Jr., at 202 Rue Iberville, Suite 215, Lafayette, Louisiana 70508.

1.3.    Defendant, *Plains Exploration & Production Company* ("Plains Exploration"), is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. Plains Exploration may be served through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## II. COLLECTIVE ACTION

2.1.    Barnes files this complaint on his own behalf and on behalf of other similarly situated employees/workers and former employees/workers of Defendants pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Barnes files this complaint on his behalf and on behalf of other employees/workers and former employees/workers of Defendants who were paid a day rate ("the Class") at any time from April 13, 2009, to the present ("the Relevant Time Period").

## III. VENUE

3.1.    Venue of this action is proper in this district and division because Plains Exploration has its principal place of business in this district and the events giving rise to the cause of action alleged herein occurred in whole or in part in this division and judicial district.

## IV. JURISDICTION

4.1.    This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331 and diversity jurisdiction as set forth in 28 U.S.C. § 1332. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1.    Petroleum Coordinators was an "employer" of Barnes during the Relevant Time Period within the meaning of 29 U.S.C. § 203(d).

5.2.    Plains Exploration was an "employer" of Barnes during the Relevant Rime Period within the meaning of 29 U.S.C. § 203(d).

5.3.    Petroleum Coordinators was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

5.4.    Plains Exploration was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

5.5.    Petroleum Coordinators is a supplier of personnel to the oil and gas industry. Plains Exploration is an oil and gas exploration and production company.

5.6.    On or about April 18, 2011, Barnes was hired by Petroleum Coordinators to work at Plains Exploration.

5.7.    Although Petroleum Exploration treated Barnes as an independent contractor, Barnes was an employee of Petroleum Exploration for the purposes of the FLSA.

5.8.    Barnes was an employee of Petroleum Coordinators and Plains Exploration for the purposes of the FLSA. Petroleum Coordinators paid Barnes.

5.9.   During the Relevant Time Period, Petroleum Coordinators was an enterprise engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.10.   During the Relevant Time Period, Plains Exploration was an enterprise engaged in commerce or in the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.11.   Barnes's job duties were those of a non-exempt employee under the FLSA and/or Barnes was not compensated on a salary basis.

5.12.   During the Relevant Time Period, it was Defendants' policy and/or practice to not pay employees/workers one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

5.13.   During the Relevant Time Period, it was Defendants' policy and/or practice to pay employees/workers on a day rate.

5.14.   The day rate paid to Barnes does not satisfy the salary basis test required for employees for whom employers seek an exemption under the FLSA.

5.15.   Barnes regularly worked more than forty hours per week while working for Petroleum Coordinators and assigned to Plains Exploration.

5.16.   Barnes was not paid one and one-half times his regular hourly rate for every hour he worked in excess of forty in a workweek.

5.17.   Petroleum Coordinators owes Barnes unpaid wages for unpaid overtime under the FLSA for work he performed during the Relevant Time Period.

5.18.   Plains Exploration owes Barnes unpaid wages for unpaid overtime under the FLSA for work he performed during the Relevant Time Period.

## VI. VIOLATION OF THE FLSA

6.1.    Barnes incorporates the factual allegations recited above and would show that Defendants are liable to him for overtime compensation under the FLSA.

6.2.    Defendants had a statutory obligation to pay Barnes at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek. Barnes worked for Defendants in excess of forty hours a week during the Relevant Time Period. Defendants never paid Barnes for overtime at the rate of one and one-half times his regular rate of pay for his overtime hours.

6.3.    At all relevant times, Barnes performed primarily non-exempt employment duties and/or was not compensated on a salary basis to the extent necessary to be classified as a non-exempt employee under the FLSA.

6.4.    Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe Barnes was exempt under the FLSA or that Defendants' day-rate practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Barnes in accordance with the requirements of the FLSA.

6.5.    Barnes seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

## VII. ATTORNEY'S FEES

7.1.    Defendants' refusal to abide by their statutory obligations to Barnes has made it necessary for Barnes to employ the undersigned attorneys to file this lawsuit. As such, Barnes requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme

Court, if necessary, as well as expenses and court costs. Should members of the Class join this lawsuit and retain the undersigned, such fees, expenses and court costs are sought for work performed on their behalf as well.

## VIII.  SECTION 216(b) COLLECTIVE ACTION

8.1.    Barnes incorporates the factual allegations recited above. Barnes files this complaint on his own behalf and on behalf of the Class during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were paid a day rate and were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

8.2.    It was Petroleum Coordinators's policy and/or practice to pay Barnes and the other putative plaintiffs a day rate. Barnes and the other putative plaintiffs were not paid a salary. A day rate does not satisfy the salary basis test for exemptions under the FLSA. The amount paid to employees/workers who are compensated on a day rate varies because of the quantity of work performed. Therefore, there are other similarly situated employees/workers and former employees/workers of Defendants who were paid a day rate and who are owed wages under the FSLA for work they performed during their employment with Defendants.

8.3.    Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe Barnes and the other putative plaintiffs were exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.4.     Therefore, the putative plaintiffs are owed wages, overtime, liquidated damages and attorneys' fees, for the same reasons as Barnes. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Plaintiff requests such notice be issued.

## IX. JURY DEMAND

9.1.     Barnes demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiff, Richard Barnes, prays that Defendants be summoned to appear, that notice be issued to other non-exempt employees and former employees of Defendants, and that on final trial of this matter, Plaintiff be granted relief as follows:

(a)     Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b)     Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c)     Judgment directing Defendants to pay Plaintiff and other plaintiffs who may opt-in this litigation for actual and liquidated damages for violations of the FLSA, as amended;

(d)     Costs of suit and reasonable attorney's fees;

(e)     Prejudgment and post-judgment interest as provided by law; and

(f)     Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.


/s/ **G. SCOTT FIDDLER**

_____

G. SCOTT FIDDLER
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
ANDREW W. REED
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel.:   281-897-0070
Fax:   281-897-0078

ATTORNEYS-IN-CHARGE
FOR PLAINTIFF