IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, individually and on behalf of other similarly situated employees and former employees of Defendants,<br>　　　Plaintiff(s),<br><br>vs.<br><br>PETROLEUM COORDINATORS, INC. and PLAINS EXPLORATION & PRODUCTION COMPANY,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO. 4:12-cv-01132<br>JURY DEMANDED |

_____

**PLAINTIFF'S MOTION TO DEFER RULING AND, IN THE ALTERNATIVE,
RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE**

_____

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/s/ G. Scott Fiddler
_____
G. SCOTT FIDDLER
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
ANDREW W. REED
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel.:　281-897-0070
Fax:　281-897-0078

ATTORNEYS-IN-CHARGE
FOR PLAINTIFF

## TABLE OF CONTENTS

Table of Authorities .................................................................................................... iii

I.      Statement of the Nature and Stage of Proceeding ............................................1

II.     Factual Summary ..............................................................................................2

III.    Issues to be Ruled Upon and the Standard of Review .....................................5

IV.     Summary of Argument ......................................................................................8

V.      Argument and Authorities.................................................................................8

        A.      Motion to Defer Ruling...........................................................................8

        B.      Response to Motion to Transfer.............................................................11

                1.      Defendants Have Failed to Meet Their Burden of Clearly Demonstrating
                        Private Factors Strongly Weigh in Favor of Transfer................................11

                        a.      Plaintiff Chose Houston Division as Forum for Claim.................11
                        b.      The Wrongful Conduct Did Not
                                Occur Primarily in Louisiana.............................................13
                        c.      The Relative Ease of Access to Proof
                                Weighs Against Transfer ....................................................14
                        d.      A Transfer to the Lafayette Division Would Not Improve
                                Convenience of Parties and Witnesses, and the
                                Availability of Process is a Neutral Consideration ......................15
                        e.      Likelihood of Delay if Transfer is Granted...................................19

                2.      Public Interest Factors Do Not Weigh in Favor of Transfer....................20

                        a.      Administrative Difficulties ...........................................................20
                        b.      Houston Division Has Local Interest in Deciding Dispute...........21
                        c.      Familiarity of the Forum with the
                                Governing Law Strongly Disfavors Transfer .............................21

VI.     Conclusion .......................................................................................................21

Prayer ...............................................................................................................................22

Certificate of Conference ...............................................................................................23

Certificate of Service ......................................................................................................23

# TABLE OF AUTHORITIES

## Cases

*Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) ........................................................................ 7

*Alix v. Shoney's, Inc.*,
  1997 WL 66771 (E.D. La. Feb. 18, 1997) ..................................................... 12

*Allstate Ins. Co. v. Mathison*,
  2002 WL 1396951 (N.D. Ill. June 26, 2002) ................................................. 15

*Am. Gen. Life Ins. Co. v. Rasche*,
  273 F.R.D. 391 (S.D. Tex. 2011) ............................................................... 6, 21

*Barrentine v. Arkansas-Best Freight Sys.*,
  450 U.S. 728, 101 S. Ct. 1437 (1981) ........................................................ 3, 19

*Bevil v. Smit Americas, Inc.*,
  883 F.Supp. 168 (S.D. Tex. 1995) ............................................................... 13

*Brooklyn Sav. Bank v. O'Neil*,
  324 U.S. 697, 65 S. Ct. 895 (1945) .............................................................. 19

*Brown v. Petrol. Helicopters, Inc.*,
  347 F.Supp.2d 370 (S.D. Tex. 2004) ......................................................... 6, 11

*Continental Airlines, Inc. v. American Airlines, Inc.*,
  805 F.Supp. 1392 (S.D. Tex. 1992) .............................................................. 16

*DEV Indus. v. NPC, Inc.*,
  763 F.Supp. 313 (N.D. Ill. 1991) ................................................................ 18

*Gardipee v. Petroleum Helicopters, Inc.*,
  49 F.Supp.2d 925 (E.D. Tex. 1999) ............................................................. 14

*Goodman Co., L.P. v. A&H Supply Co.*,
  396 F.Supp.2d 766 (S.D. Tex. 2005) ......................................................... 7, 17

*Guajardo v. Deanda*,
  690 F.Supp.2d 539 (S.D. Tex. 2010) ........................................................... 14

*Guerrero v. Habla Commc'ns*,
  2006 WL 696646, (S.D. Tex. Mar. 16, 2006) ............................................. 5, 11

*Gummow v. Snap-On Tools Co.*,
  2008 WL 4349027 (N.D. Tex. Sept. 22, 2008)............................................................. 16

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
  321 F.2d 53 (5th Cir. 1963) .......................................................................................... 12

*In re Horseshoe*,
  337 F.3d 429 (5th Cir. 2003) .......................................................................................... 6

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ...................................................................................... 6, 7

*Jarvis Chr. Coll. v. Exxon Corp.*,
  845 F.2d 523 (5th Cir. 1988). ...................................................................................... 18

*Johnson v. Big Lots Stores, Inc.*,
  2005 WL 357200, (E.D. La. Feb. 10, 2005). .............................................................. 12

*King Ranch, Inc. v. D.R. Horton, Inc.*,
  2012 WL 1788178 (S.D. Tex. 2012) ................................................................. 16, 17, 18

*Kron Med. Corp. v. Groth*,
  119 F.R.D. 636 (M.D.N.C. 1988) .................................................................................. 7

*Laumann Mfg. Corp. v. Castings USA, Inc.*,
  913 F. Supp. 712 (E.D.N.Y. 1996) .............................................................................. 18

*Lemery v. Ford Motor Co.*,
  244 F.Supp.2d 720 (S.D. Tex. 2002) ........................................................................... 13

*Martin v. Bedell*,
  955 F.2d 1029 (5th Cir. 1992) ....................................................................................... 3

*Mohamed v. Mazda Motor Corp.*,
  90 F.Supp.2d 757 (E.D. Tex. 2000)............................................................................. 15

*Moreno v. Poverty Point Produce, Inc.*,
  243 F.R.D. 265 (S.D. Tex. 2007)........................................................................... 15, 21

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981)........................................................................................................ 7

*Poncy v. Johnson & Johnson*,
  414 F. Supp. 551 (S.D. Fla. 1976) ................................................................................ 7

*Salinas v. O'Reilly Automotive, Inc.*,
    358 F.Supp.2d 569 (N.D. Tex. 2005) ................................................. 12, 13, 14, 15, 16, 18

*Sleepy Lagoon, Ltd. v. Tower Group, Inc.*,
    809 F. Supp. 2d 1300 (N.D. Okla. 2011) ........................................................... 7

*Spiegelberg v. Collegiate Licensing Co.*,
    402 F.Supp.2d 786 (S.D. Tex. 2005) ...................................................... 12, 15

*State Street Capital Corp. v. Dente*,
    855 F.Supp. 192 (S.D. Tex. 1994) ................................................................. 16

*Tellis Software, Inc. v. PokerTek, Inc.*,
    2007 WL 2314316 (S.D. Tex. Aug. 10, 2007) ............................................... 16

*Thibault v. Bellsouth Telecomms., Inc.*,
    612 F.2d 843 (5th Cir. 2010) ........................................................................ 3

*TIG Ins. Co. v. NAFCO Ins. Co.*,
    177 F.Supp.2d 561 (N.D. Tex. 2001) ...................................................... 11, 12

*Time, Inc. v. Manning*,
    366 F.2d 690 (5th Cir. 1966) ............................................................. 6, 12, 13

*Warrick v. Gen. Elec. Co.*,
    70 F.3d 736 (2d Cir. 1995)............................................................................ 12

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*,
    355 F.Supp.2d 848 (N.D. Tex. 2005) ............................................................ 6

*Wood v. Zapata Corp.*,
    482 F.2d 350 (3d Cir. 1973)........................................................................... 7

*Young v. Armstrong World Indus., Inc.*,
    601 F. Supp. 399 (N.D. Tex. 1984) .............................................................. 11

*Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*,
    331 F.Supp.2d 567 (E.D. Tex. 2004)....................................................... 6, 13, 15, 16, 19

## Rules

FED. R. CIV. P. 45(b)(2). ................................................................................. 18

## **Statutes**

29 C.F.R. § 541.602 ........................................................................................... 2, 5

29 C.F.R. § 791.2(a) ............................................................................................... 3

28 U.S.C. § 1391 ............................................................................................... 1, 11

28 U.S.C. § 1391(c). ............................................................................................... 20

28 U.S.C § 1404(a). ............................................................................................ 6, 13

29 U.S.C. § 203(g) ................................................................................................. 3

29 U.S.C. § 216(b). ........................................................................................... 5, 13

29 U.S.C. §§ 201-19 ............................................................................................... 1

## **Other Authorities**

15 C. Wright, A. Miller & E. Cooper,
    *Federal Practice and Procedure* § 3851 (1986) ........................................... 18

CASELOAD STATISTICS 2011, Table C-5,
    http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness.pdf. ................. 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, individually and on | § | |
| behalf of other similarly situated employees | § | |
| and former employees of Defendants, | § | |
|     Plaintiff(s), | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-01132 |
| | § | JURY DEMANDED |
| PETROLEUM COORDINATORS, INC. and | § | |
| PLAINS EXPLORATION & | § | |
| PRODUCTION COMPANY, | § | |
|     Defendants. | § | |

_____

**PLAINTIFF'S MOTION TO DEFER RULING AND, IN THE ALTERNATIVE,
RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Richard Barnes files this his *Plaintiff's Motion to Defer Ruling and, in the Alternative, Response to Defendants' Motion to Transfer Venue and Memorandum in Support* and would show the following:

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

Richard Barnes ("Barnes") filed his *Complaint* (Document 1) on April 13, 2012, against Defendants Plains Exploration & Production Company ("Plains Exploration") and Petroleum Coordinators, Inc. ("Petroleum Coordinators") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. Barnes filed this case in the Southern District of Texas pursuant to 28 U.S.C. § 1391.

Barnes has been requesting a Rule 30(b)(6) deposition since June 21, 2012, but Defendants have refused, claiming they do not have time for a deposition until September 2012. This refusal is curious given Defendants are represented by two law firms and have found sufficient time to file their *Defendants' Motion to Transfer Venue* ("*Motion to Transfer Venue*").

A docket control order or scheduling order has not been issued at this time.

## II. FACTUAL SUMMARY

Plains Exploration is a publicly traded oil and gas exploration company with its principal place of business in Houston, Texas. Accordingly, Plains Exploration's executive management team, human resources department, payroll department, accounts payable, general counsel, and financial reporting/internal audit departments are all located in Houston, Texas. *See e.g.*, Exhibit 1A and 1B. Plains Exploration's general administration is located in, and the company is run from, Houston, Texas. *See* Exhibit 1A.

In an apparent attempt to establish fixed costs and avoid paying overtime for the labor of workers, Plains Exploration apparently[1] hires workers from staffing firms like Petroleum Coordinators as contractors on a day rate. The payment of a day rate allows Plains Exploration to require an individual to work, for example, twenty hours per day for the same pay as if he had worked an eight-hour or twelve-hour day.

The day rate does not satisfy the salary basis test required for employees for whom employers seek an exemption under the FLSA. *See* 29 C.F.R. § 541.602. But, because the worker is purportedly not an employee, Plains Exploration can attempt to avoid liability for paying the worker for the extra hours. Congress apparently anticipated companies engaging in these tactics to avoid liability under the FLSA and thus adopted a definition of "employ" that would apply in such situations. 29 U.S.C. § 203(g) (defining "employ" as "to suffer or permit to work");

---

[1] Plaintiff uses the word "apparently" because Plains Exploration has refused to allow Plaintiff a deposition to

*Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (noting the FLSA's definition of "employer" is "particularly broad"). Consequently, whether a defendant is an employer is not determined by how the defendant characterizes the relationship in a written document, or even what the worker agrees to, but by whether the worker is economically dependent upon the defendant and whether the defendant has control over the worker. *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.2d 843, 845-46 (5th Cir. 2010); *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S. Ct. 1437 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate."). Thus, it is not uncommon for an employee to have multiple employers for the purposes of the FLSA. *See, e.g.*, *Martin v. Bedell*, 955 F.2d 1029, 1036 n.10 (5th Cir. 1992) (" . . . we note that under the FLSA an individual can be employed by one employer or by more than one joint employer."). This shared liability ensures companies take responsibility for workers being paid in accordance with federal law and do not attempt to shift liability to other parties. *See* 29 C.F.R. § 791.2(a).

Petroleum Coordinators is a staffing firm that provides personnel to the oil and gas industry. Petroleum Coordinators states "we are truly a worldwide provider . . . we have served more than 100 oil and gas companies from the Gulf of Mexico to remote locations in Africa, Kazakhstan, Trinidad, Alaska, China and South America . . . ." *See* Exhibit 1C. Presumably[2] then, the relevant class of Petroleum Coordinators employees who were paid a day rate are scattered around the country and the world.

Petroleum Coordinators hired Barnes on approximately April 18, 2011. Barnes spent less than two days in Louisiana, where he filled out paperwork and attended a safety orientation.

---

[2] Petroleum Coordinators has refused Barnes the opportunity to take a Rule 30(b)(6) deposition prior to responding to this motion to determine such facts.

Petroleum Coordinators did not pay Barnes for appearing in Louisiana. Barnes was hired by Petroleum Coordinators specifically to work for Plains Exploration. *See* Exhibit 2, ¶ 2.

On April 20, 2011, Barnes reported to Plains Exploration's headquarters in Houston, Texas, where he met with Shannon Strickland ("Strickland"), Wellview Administrator for Plains Exploration and an employee of Plains Exploration. *See* Exhibit 3, pp. 3-4, Interrogatory No. 3. While at Plains Exploration's corporate offices, Barnes was required to undergo training in Plains Exploration's procedures and the use of the Open Wells software. Plains Exploration told Barnes he was obligated to follow Plains Exploration's policies and procedures and the day-to-day instructions of his direct supervisors, Mark Pinson ("Pinson") and Curtis Lindsay ("Lindsay"). Pinson and Lindsey apparently were not employees of Petroleum Coordinators and worked for Plains Exploration. After spending a day in Houston, Texas, being trained by Plains Exploration, Plains Exploration assigned Barnes to work as a rig clerk beginning April 21, 2011, on the Carmody Trust 6H well, a land rig located in Karnes County, Texas. Barnes was assigned to the Carmody Trust 6H well for four days while he waited for the Patterson 333 rig to become operational. Barnes began working at the Patterson 333 rig, also located in Karnes County, Texas, on April 25, 2011. All of the work performed by Barnes was in Texas. *See* Exhibit 2, ¶ 3.

While working at Plains Exploration's wells in Texas, Barnes was supervised by Pinson and Lindsay. After his brief training in Louisiana, Barnes had no contact with anyone from Petroleum Coordinators, other than turning in his pay sheets every two weeks and receiving direct deposits into his bank account. *See* Exhibit 2, ¶ 4. On June 9, 2011, Lindsay told Barnes that Pinson had replaced him (Barnes) with a new Logistics Coordinator/Rig Clerk. Plains Exploration had Barnes removed from the Patterson 333 rig, claiming poor performance. On June 13, 2011, Petroleum Coordinators contends Strickland, an employee of Plains Exploration,

contacted Glenn Wofford ("Wofford") at Petroleum Coordinators and informed Wofford that Barnes was being terminated because he was not proficient enough at his job. *See* Exhibit 3, pp. 3-4, Interrogatory No. 3. Petroleum Coordinators did not pay Barnes during the time Petroleum Coordinators alleges it was looking for another job for him. *See* Exhibit 2, p. ¶ 5. In essence, when Plains Exploration terminated Barnes, Barnes lost his true source of income.

While performing work at Plains Exploration, Barnes was not paid a salary, but a day rate. *See* Exhibit 2, p. ¶ 6. The payment of a day rate does not satisfy the salary basis test required for employees for whom employers seek an exemption under the FLSA. *See* 29 C.F.R. § 541.602. Although Barnes regularly worked over forty hours per workweek at Plains Exploration, he was not compensated one and one-half his regular hourly rate for every hour worked over forty in a workweek. *See* Exhibit 2, ¶ 6.

Barnes filed his *Complaint* on April 13, 2012, alleging Plains Exploration and Petroleum Coordinators violated Section 216(b) of the FLSA. *See* Document 1. Barnes's complaint is styled as a collective action under the FLSA, and is filed on his behalf and on behalf of all employees/workers of both Plains Exploration and Petroleum Coordinators who were paid a day rate and not overtime as required by the FLSA. *See* Document 1, p. 1.

### III. ISSUES TO BE RULED UPON AND THE STANDARD OF REVIEW

The issues to be determined are whether Defendants' *Motion to Transfer Venue* should be denied or granted, or whether a ruling should be deferred and Barnes permitted to take discovery he began requesting nearly a month ago, before Defendants' motion was filed.

A claim brought pursuant to the FLSA is subject to the general venue provision under the federal rules. *See Guerrero v. Habla Commc'ns*, No. Civ. A. H-05-3620, 2006 WL 696646, at *1 (S.D. Tex. Mar. 16, 2006). "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C § 1404(a). However, the party seeking a transfer of venue bears the burden of demonstrating why a case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Brown v. Petrol. Helicopters, Inc.*, 347 F.Supp.2d 370, 372 (S.D. Tex. 2004). And a plaintiff's choice of forum should rarely be disturbed unless the defendant clearly shows that the balance of factors strongly favors the transfer. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F.Supp.2d 567, 571 (E.D. Tex. 2004) (noting the party moving for a transfer must carry a "strong burden"); *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 398 (S.D. Tex. 2011) (J. Miller). Whether a case should be transferred or remain where it was filed is a matter within the district court's discretion and will not be disturbed unless there is an abuse of that discretion. 28 U.S.C § 1404(a); *Rasche*, 273 F.R.D. at 398.

A court must first determine whether the judicial district to which transfer is sought would have been a district in which the claim could have originally been filed. *In re Horseshoe*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must prove that a transfer would best serve the interests of convenience and justice. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F.Supp.2d 848, 851 (N.D. Tex. 2005). To determine whether the interests of convenience to parties and witnesses and whether it is in the interest of justice to grant a transfer, a court should consider several private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors include: 1) plaintiff's choice of forum; 2) the relative ease of access to the sources of proof; 3) the convenience of the parties and witnesses; 4) the place of the alleged wrong; and 5) the possibility of delay and prejudice if the transfer is granted. *Z-Tel*, 331 F.Supp.2d at 571. Additionally, a court should consider public interest factors, which include: 1) the administrative difficulties flowing from court congestion; 2) the local interests in having

localized interests decided at home; and 3) familiarity of the forum with the law that will govern the case. *Id.*; *In re Volkswagen*, 317 F.3d at 203; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). No one factor is controlling. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). Courts should not transfer a case where the only practical effect is shifting the inconveniences from the party requesting transfer to the non-movant. *Goodman Co., L.P. v. A&H Supply Co.*, 396 F.Supp.2d 766, 776 (S.D. Tex. 2005).

When reviewing a motion to transfer venue under § 1404, a court must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *Sleepy Lagoon, Ltd. v. Tower Group, Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011).

The case law on whether discovery should be permitted in response to a motion to transfer venue is scarce. What exists suggests it is within a district court's discretion to permit such discovery. *See Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) ("Indeed, prior to ruling on the motion to transfer, discovery may be required in order to identify and refine the issues pertinent to the transfer issue."); *Poncy v. Johnson & Johnson*, 414 F. Supp. 551, 557 (S.D. Fla. 1976) (same); *Wood v. Zapata Corp.,* 482 F.2d 350, 357 (3d Cir. 1973) (". . . there is no procedural rule or decisional authority requiring a district court to permit discovery in connection with a transfer motion . . .").

## IV. SUMMARY OF ARGUMENT

Barnes should be provided an opportunity for discovery to respond to Defendants' motion to transfer venue. Defendants have access to information relevant to determination of the motion and have even relied upon it in their motion, while denying Barnes access to it.

In the alternative, and without waiving his motion to defer ruling, Barnes would show that the evidence presently available to him demonstrates Defendants' *Motion to Transfer Venue* should be denied. Barnes properly filed this case in the Houston Division of the Southern District of Texas. Defendants essentially ignore Plains Exploration as a proper defendant in their motion. Defendants have failed to meet their burden to justify a transfer from Barnes's chosen forum to the Western District of Louisiana, Lafayette Division ("Lafayette Division"). The Lafayette Division is not a more convenient forum for the parties and witnesses. Furthermore, granting the motion to transfer to the Lafayette Division would not be in the interest of justice. As such, Barnes's choice of forum should not be disturbed.

## V. ARGUMENT AND AUTHORITIES

### A.    Motion to Defer Ruling

Defendants, while having access to key information relevant to their *Motion to Transfer Venue*, have refused Barnes access to that same information. Barnes began requesting a Rule 30(b)(6) deposition from Petroleum Coordinators on June 21, 2012. *See* Exhibit 4. Defendants claimed they did not have time to produce a witness for deposition until September 2012. Defendants are represented here by two law firms, including two Houston attorneys listed on the pleadings as local counsel and three attorneys from Louisiana having filed motions for admission pro hac vice in this case.[3] Even though Defendants claimed they did not have time for a

---

[3] *See* Documents 11, 12, and 13, on file herein.

deposition, they apparently had time to draft their *Motion to Transfer Venue* supported by a lengthy memorandum.

After Defendants filed their *Motion to Transfer Venue*, Barnes again requested the Rule 30(b)(6) deposition of Petroleum Coordinators, in addition to one of Plains Exploration, because the information sought was necessary to respond fully to the *Motion to Transfer Venue*. Barnes also requested a ruling on Defendants' *Motion to Transfer Venue* be deferred until these two depositions could be taken. Defendants have refused the depositions and to defer a ruling.

The information Barnes seeks for the purpose of responding to the *Motion to Transfer Venue*, and which is in Defendants' possession, includes, but is not limited to, the following:

1. The work sites and location of Petroleum Coordinators employees assigned to client companies and who are paid a day rate;

2. The work sites and locations of Plains Exploration workers, whether labeled employees or independent contractors, assigned from other companies and who are paid a day rate;

3. The level of control exercised by Plains Exploration over day rate workers assigned from staffing firms like Petroleum Coordinators;

4. The level of control exercised by Petroleum Coordinators over day rate workers, other than Barnes, who are assigned to work at client companies; and

5. The location of Plains Exploration decision-makers and documents relevant to Barnes's claims, the payment of work, and the contours of the putative class of plaintiffs.

This information goes directly to identifying the location of putative class members and witnesses and the joint employer status of Plains Exploration. Defendants have even relied on some of this information in its possession by claiming 119 of 158 Petroleum employees are located in the State of Louisiana. *See Motion to Transfer Venue,* p. 8. However, Defendants do not say whether those are day rate employees who would be part of the putative class or whether they are typical hourly or salaried employees (who would not be part of the putative class). Without the benefit of a deposition, Defendants enjoy the benefits of this cryptic information without having to disclose it to Barnes. Barnes has noticed the depositions and identified more fully issues upon which Defendants are requested to designate a representative so Barnes can fully respond to Defendants' *Motion to Transfer Venue*. *See* Exhibits 5 and 6.

The depositions Barnes seeks would serve the benefit of providing the foregoing evidence for the purpose of responding to the *Motion to Transfer Venue* and the purpose for which they were originally sought, *i.e.*, to enable Barnes to obtain information on the potential class so the case can move toward conditional class certification. The statute of limitations on the claims of putative plaintiffs is running every day until the putative plaintiffs are given notice of and the opportunity to join this lawsuit. Delay only benefits Defendants and deprives putative class members of their wages under the FSLA.

Accordingly, Barnes requests the Court defer whether ruling on Defendants' *Motion to Transfer Venue* until fourteen days after Defendants have produced witnesses in response to the deposition notices attached hereto as Exhibit 5 and Exhibit 6, and that Defendants produce such witnesses no later than August 1, 2012.

**B.      Response to Motion to Transfer Venue**

In the alternative, should the Court deny Plaintiff's *Motion to Defer*, Barnes still requests the *Motion to Transfer Venue* be denied because even the limited information currently available to him demonstrates the motion should be denied.

Barnes properly filed this action in the Houston Division of the Southern District of Texas. *See Guerrero*, 2006 WL 696646, at *1; 28 U.S.C. § 1391. Therefore, Defendants have the burden of proving the case should be transferred to a different division. *Brown v. Petrol. Helicopters, Inc.*, 347 F.Supp.2d 370, 372 (S.D. Tex. 2004).

Defendants essentially ignore Plains Exploration in their *Motion to Transfer Venue*. As shown above, Defendant Plains Exploration's principal place of business, and presumably the relevant decision-makers and documents relevant to the case, are located in Houston, Texas. Accordingly, Defendants arguments in support of a transfer to the Lafayette Division, besides being flawed on their own, are mitigated by the presence of Plains Exploration as a proper defendant, as will be shown below.

1.      <u>Defendants Have Failed to Meet Their Burden of Clearly Demonstrating Private Factors Strongly Weigh in Favor of Transfer</u>

Granting a transfer to the Lafayette Division would neither improve the convenience of the parties and witnesses, nor would it be in the interest of justice. Defendants have not met their burden, and thus the Court should deny the motion.

a.      *Plaintiff Chose Houston Division as Forum for Claim*

A plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request. *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984). Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum will seldom be disturbed. *TIG Ins. Co. v. NAFCO Ins. Co.*, 177 F.Supp.2d 561, 568 (N.D.

Tex. 2001). Generally, the Plaintiff's choice of forum is entitled to substantial deference. *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 790 (S.D. Tex. 2005).

Defendants cite to *Warrick v. General Electric Company* in support of the proposition "[b]ecause Plaintiff is pursuing a collective action, Plaintiff's choice of forum is even less relevant." *Motion to Transfer Venue*, p. 10. However, *Warrick* involved an ERISA *class action* and not a *collective action* under the FLSA. *See Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 n.7 (2d Cir. 1995). In analyzing motions to transfer, courts within the Fifth Circuit have held that the "opt-in" structure of FLSA collective actions "strongly suggests" Congress intended to give plaintiffs such as Barnes considerable control over the bringing of an FLSA action. *See Salinas v. O'Reilly Automotive, Inc.*, 358 F.Supp.2d 569, 572 (N.D. Tex. 2005) (citing *Alix v. Shoney's, Inc.*, No. Civ. A. 96-2812, 1997 WL 66771, at *3 (E.D. La. Feb. 18, 1997)); *Johnson v. Big Lots Stores, Inc.*, No. Civ. A. 04-3201, 2005 WL 357200, at *4 (E.D. La. Feb. 10, 2005). Potential plaintiffs, whether located in Louisiana, Texas, Michigan, or Puerto Rico, are well within their rights to choose not to elect to opt-in to this lawsuit and may initiate an FLSA action elsewhere. Were any potential plaintiffs to opt-in to this lawsuit, a subsequent transfer would in effect force them to opt-in to what may be a more inconvenient suit. *See Alix v. Shoney's, Inc.*, CIV. A. 96-2812, 1997 WL 66771 (E.D. La. Feb. 18, 1997).

Defendants make much out of the fact Barnes is not a resident of Texas. However, the Fifth Circuit cases cited in support of Defendants' position are inapposite. *Humble Oil* involved a transfer under Admiralty Rule 54; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Further, not only did the Fifth Circuit in *Humble Oil* uphold the denial of a motion to transfer venue, but no discussion appears to support the statement Defendants cite it for. *See id.* Similarly, the Fifth Circuit in *Time, Inc. v. Manning* upheld the lower court's denial

-12-

of a motion to transfer venue, with no discussion regarding a non-resident plaintiff's choice of forum. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966).

The fact that Barnes is not a resident of Texas should not inform the Court's analysis regarding a motion to transfer. *See Z-Tel*, 331 F.Supp.2d at 572. Neither the FLSA nor 28 U.S.C. § 1404(a) directs a court to consider a plaintiff's residence in determining a motion to transfer venue. At a minimum, Barnes's choice to bring this claim in the Southern District of Texas is a factor that weighs against transfer. *Id.* Further deference to Barnes's decision is warranted in light of the fact the FLSA allows a suit for the collection of unpaid overtime to be "maintained against any employer . . . in any Federal or State Court of competent jurisdiction . . . ." *See id.*; 29 U.S.C. § 216(b).

Accordingly, Barnes's choice of this forum weighs against transfer.

> b.     *The Wrongful Conduct Did Not Occur Primarily in Louisiana*

The place of the alleged wrong is an important factor in determining whether to grant a motion to transfer venue. *Bevil v. Smit Americas, Inc.*, 883 F.Supp. 168, 171 (S.D. Tex. 1995); *Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D. Tex. 2002). Defendants cite numerous cases in support of their contention the case should be transferred to the Lafayette Division—the location of Petroleum Coordinator's corporate headquarters. However, each case is easily distinguishable because the instant litigation *has* been brought in a judicial district in which a defendant's corporate headquarters is located—that of Plains Exploration.

Further, the question of where the events in question took place for the purposes of an FLSA claim has previously been considered by the Fifth Circuit. In *Salinas*, the defendant argued, as Defendants do here, that the harm suffered arose from a company-sponsored policy or scheme in which the only logical place from which it could have been issued was where the

payroll and time-keeping practices were established. *Salinas*, 358 F.Supp.2d at 573. However, the court explicitly rejected the defendant's argument in *Salinas* and held the inherent nature of FLSA overtime claims demonstrates the events at issue took place both where each plaintiff worked and also at the alleged location where the policies were formulated. *Id.* Besides, Plains Exploration's policies were likely formulated and administrated from its corporate headquarters in Houston, Texas, and *all* the events relative to Defendant, Plains Exploration, apparently took place in Texas, not Louisiana.

Finally, Barnes never performed work in Louisiana. In his brief time in Louisiana, Barnes completed some paperwork and attended a safety orientation. Exhibit 2, ¶ 2. Petroleum Coordinators did not pay Barnes for his time in Louisiana and Barnes had no further contact with Petroleum Coordinators other than sending in payroll documents and receiving compensation every two weeks. During the time he was working at Plains Exploration in Texas, Barnes's direct supervisors, and the persons who made the decision to terminate him, apparently worked for Plains Exploration. Exhibit 2, ¶ 4.

Accordingly, this factor weighs against a transfer or, at a minimum, is neutral, as the record supports the conclusion that at least some of the alleged wrongdoing occurred in Texas. *See Guajardo v. Deanda*, 690 F.Supp.2d 539, 557 (S.D. Tex. 2010).

c.     *The Relative Ease of Access to Proof Weighs Against Transfer*

Generally, when considering a transfer of venue, the location of documents and business records is given little weight. *Gardipee v. Petrol. Helicopters, Inc.*, 49 F.Supp.2d 925, 931 (E.D. Tex. 1999). Only where the documents are "so voluminous their transport is a major undertaking" will the factor weigh towards transferring the case. *Id.* Defendants have not demonstrated the transport of such documents will be a major undertaking. *See Salinas*, 358

-14-

F.Supp.2d at 573. Furthermore, the accessibility and location of sources of proof should carry little weight in this Court's analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 778 (E.D. Tex. 2000). Through modern technology, any documents needed for trial, including employment records and procedures, would be accessible with relative ease in Houston. As such, this factor weighs against transferring the case to Lafayette. *See Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 265, 273 (S.D. Tex. 2007) ("furthermore, Plaintiffs assert claims based on activities occurring in both Texas and Louisiana, such that it would be no easier to access the location of the alleged wrongs from Louisiana than it is from Texas.").

And again, even if this factor were to be given more weight, Plains Exploration's documents are presumably at its corporate headquarters in Houston.

Further, in all likelihood, all the relevant documents are now (or will soon be) in Defendants' local attorneys' office in Houston.

        d.      *A Transfer to the Lafayette Division Would Not Improve Convenience of Parties and Witnesses, and the Availability of Process is a Neutral Consideration*

Defendants cite to an unpublished opinion from the Northern District of Illinois in support of the proposition "the convenience of the witnesses is one of the most important factors to be considered in determining whether to transfer venue." *See Motion to Transfer Venue*, p. 8 (citing *Allstate Ins. Co. v. Mathison*, No. 02-C-418, 2002 WL 1396951 (N.D. Ill. June 26, 2002). Notwithstanding the tenuous authority of this unpublished opinion, the statement of law relied upon is only partially correct. It is the convenience of the *non-party witnesses* that is accorded the greatest weight. *See Z-Tel*, 331 F.Supp.2d 573; *Spiegelberg*, 402 F.Supp.2d at 790-91

(quoting *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D. Tex. 1994)). The convenience of key witnesses who are employees of a defendant is given less weight because that party will be able to compel their testimony at trial. *Tellis Software, Inc. v. PokerTek, Inc.*, No. G-07-00072, 2007 WL 2314316 (S.D. Tex. Aug. 10, 2007) (J. Miller) ("The court is particularly concerned with the convenience of key nonparty witnesses and the costs associated with securing their attendance, rather than of party witnesses and party employees, whose testimony can be readily secured by the employer."); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D. Tex. 1992).

Defendants have not met their burden with regard to evidence required regarding witnesses. A defendant seeking transfer must specifically identify key witnesses and outline the substance of their testimony. *PokerTek*, 2007 WL 2314316, at *7 (J. Miller); *Salinas*, 358 F.Supp.2d at 572. Defendants have not specifically identified any witnesses, much less any key third-party witnesses, and have not stated in any detail the substance of their testimony. *See Z-Tel*, 331 F.Supp.2d at 574 (denying motion to transfer venue because defendant offered virtually no detail of anticipated testimony). If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application or transfer will be denied. *Gummow v. Snap-On Tools Co.*, 3:08-CV-606-O, 2008 WL 4349027, at *6 (N.D. Tex. Sept. 22, 2008) (citing 15 Wright, Miller & Cooper, *Federal Practice and Procedure* ¶ 3851 at 270-71 (1976)). Moreover, Defendants have not named any unwilling witnesses whose testimony would have to be compelled, nor stated the substance of their testimony. *See id.* Even in the event Defendants are able to show unwilling non-party key witnesses exist, any relevant information "can easily be obtained by deposition." *King Ranch,*

*Inc. v. D.R. Horton, Inc.*, No. H-12-797, 2012 WL 1788178, at *11 (S.D. Tex. May 16, 2012) (J. Miller).

In their *Motion to Transfer Venue*, Defendants state, "119 out of 158 Petroleum Coordinators employees reside in the State of Louisiana." *See Motion to Transfer Venue*, p. 8. However, as stated above, what Defendants do not state is whether any of these employees where paid a day rate and are therefore potential class members. Facts such as whether the individuals worked at Petroleum Coordinator's corporate offices in Lafayette or were misclassified independent contractors assigned to other employers nationwide, whether the individuals were compensated on a salary basis or a day rate, or whether they were compensated overtime, etc. are determinative as to whether they are eligible to opt-in to Barnes's collective action complaint.[4]

Further, Defendants provide no information as to the location of any potential opt-in plaintiffs from Plains Exploration. Defendants simply ignore the fact that if the case is transferred, Plains Exploration employees and those who worked on site with Barnes in Texas would be burdened with travelling from Karnes County, Texas, and Houston, Texas, to Lafayette, Louisiana.[5] *Goodman Co., L.P. v. A&H Supply Co.*, 396 F.Supp.2d 766, 776 (S.D. Tex. 2005) (courts should not transfer a case where the only practical effect is shifting the inconveniences from the party requesting transfer to the non-movant).

Should potential plaintiffs be located nationwide, as Barnes expects, a denial of Defendants' *Motion to Transfer Venue* becomes more important when considering convenience of key non-party witnesses. Houston, the nation's fourth largest city, would prove much easier access for out-of-state witnesses or parties, when compared to Lafayette, Louisiana. Where one

---

[4] This is among the topics Plaintiff seeks discovery on in support of his *Motion to Defer, supra.*
[5] Karnes County, Texas, is 400 miles from Lafayette, Louisiana, but less than 200 miles from Houston, Texas.

defendant is located in Plaintiff's choice of forum and one out of state, this Court has previously stated that "while some employees of [the out of state defendant] may be based in [a foreign state], this does not impose such a hardship as to overturn plaintiffs' choice of forum." *King Ranch*, 2012 WL 1788178, at *11 (J. Miller).

Additionally, each of the purported witnesses who live in Lafayette are approximately 200 miles away from the courthouses at 515 Rusk, a distance the Fifth Circuit has previously stated was a "minor inconvenience." *See Jarvis Chr. Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). In any event, any employees of Defendants, even if outside of this Court's subpoena power, can be compelled to appear regardless of where they are located, and thus do not figure into the "third party inconvenience" calculus. *See DEV Indus. v. NPC, Inc.*, 763 F.Supp. 313, 315 (N.D. Ill. 1991) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851, at 423 & n.7 (1986) (citing cases)). Further, because Barnes plans to pursue this action on a nationwide level, this factor is at least neutral in consideration. *See Salinas*, 358 F.Supp.2d at 572-73. Also, witnesses could be compelled to attend a pretrial deposition outside the Southern District of Texas. FED. R. CIV. P. 45(b)(2).

Therefore, the convenience of the witnesses does not weigh in favor of a transfer. Defendants have failed to demonstrate why a transfer to the Lafayette Division would be more convenient for the parties and witnesses. *See Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (holding defendant's affidavit, including a list of key witnesses with only general allegations of convenience, was insufficient to support a transfer).

   e. *Likelihood of Delay if Transfer is Granted*

  A court should consider whether granting a transfer would cause delay or prejudice. *Z-Tel*, 331 F.Supp.2d at 571. A transfer to the Lafayette Division would necessitate starting anew, causing unnecessary delay. The case is already in a proper and convenient forum. Furthermore, the case will likely be significantly delayed in Lafayette. For the twelve-month period ending September 30, 2011, the median time interval from filing to disposition of a civil case in the Southern District of Texas was 6.8 months—second only to the Northern District of Texas' 6.6 months. *See* Caseload Statistics 2011, Table C-5, *available at* http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2011/JudicialBusiness2011.pdf, (last visited July 7, 2012). During the same time period, the average time within the Western District of Louisiana was 13.8 months—the second longest period within the Fifth Circuit, and over twice the length of cases in the district properly chosen by Barnes. *Id.*

  Moreover, the FLSA was enacted to protect all covered workers from substandard wages. *Barrentine v. Arkansas-Best-Freight Sys.*, 450 U.S. 728, 739, 101 S. Ct. 1437 (1981). The harm suffered by a plaintiff denied overtime payments by an employer is compounded, and significant damages can occur as a result of further delay of those payments. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S. Ct. 895 (1945).

  The delay factor carries even more significance in an FLSA collective action because the statute of limitations is running on putative class members until they are notified of and opt-in to the case. Every day of delay is one less day of wages Defendants will have to pay and one less day of wages each putative plaintiff will be able to recover.

Any further delay in this matter should be avoided in the interests of Barnes and other putative plaintiffs who have been denied wages over the course of the last three years.

The delay factor weighs against a transfer to the Lafayette Division.

2.    Public Interest Factors Do Not Weigh in Favor of Transfer

a.    *Administrative Difficulties*

While substantially more civil cases were filed in the Houston Division than in the Lafayette Division, the Houston Division is well equipped to handle a higher caseload, with more district court judges, magistrates, and court personnel than the Lafayette Division. Defendants fail to provide any firm data from which a reliable conclusion can be reached on this factor and thus have failed to meet their burden. As stated above, the data actually shows the Southern District of Texas to be much more efficient than the Western District of Louisiana at timely handling civil cases. As such, this factor does not favor a transfer of the case to the Lafayette Division.

b.    *Houston Division Has Local Interest in Deciding Dispute*

A corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). At the time of commencement of this action, Defendant Plains Exploration's principal place of business was listed with the Texas Secretary of State's Office as Houston, Texas. *See* Answer of Plains Exploration, Document 8, pp. 7-8, ¶ 3. Therefore, the Houston Division has a substantial local interest in this dispute.

c.     *Familiarity of the Forum with the Governing Law Strongly Disfavors Transfer*

The only claims at issue in this litigation arise under the FLSA. This factor is thus neutral because the Southern District of Texas, Houston Division, and the Western District of Louisiana, Lafayette Division, are both equally capable of applying the FLSA. *Moreno*, 243 F.R.D. at 265, 274.

However, the Master Services Contract between Defendants, attached as Exhibit A-1 to Defendants' motion, contains a Choice of Law provision which states, "In the event that Maritime Law is held inapplicable, the internal laws of the State of Texas shall apply . . . ." *See* Defendants' *Motion to Transfer Venue*, Exhibit A-1, p. 7, ¶ 14 (Document 15-3). While it is not clear yet whether the construction of Texas law governing the relationship between Defendants will be an issue in this case, it is clear Louisiana law will have no bearing. When a contract at issue contains a choice of law provision for the Plaintiff's chosen venue, the public interest factor weighs in favor of denying transfer, as this Court would be more familiar with relevant Texas law than is the United States District Court for the Western District of Lafayette. *See Rasche*, 273 F.R.D. at 398 (J. Miller).

## VI. CONCLUSION

Barnes properly filed this case in the Houston Division of the Southern District of Texas. The Lafayette Division is not a more convenient forum for the parties and witnesses and granting the motion to transfer to the Lafayette Division would not be in the interest of justice. As such, Barnes's choice of forum should not be disturbed.

However, should the Court find the evidence presented insufficient at this point to prevent transfer, Barnes requests the opportunity for discovery on the issues outlined above and in the deposition notices attached hereto before the Court rules on Defendants' *Motion to Transfer Venue.*

**PRAYER**

WHEREFORE, Plaintiff requests the Court deny Defendants' *Motion to Transfer Venue*; or, in the alternative, that Plaintiff be permitted discovery to fully respond to the motion before the Court rules; and that Plaintiff have such further relief to which he may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/s/ **G. SCOTT FIDDLER**
_____
G. SCOTT FIDDLER
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
ANDREW W. REED
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel.:   281-897-0070
Fax:   281-897-0078

ATTORNEYS-IN-CHARGE
FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I conferred with opposing counsel regarding Plaintiff's request that ruling be deferred until after depositions and he did not agree.

/s/ G. SCOTT FIDDLER

_____
G. SCOTT FIDDLER

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document and proposed Order will be automatically accomplished through notice of electronic filing, in accordance with the Federal Rules of Civil Procedure, on this the 18th day of July 2012, to the following:

Gregory N. Jones, Esq.
Joseph L. Wood, III, Esq.
Boyar Miller
4265 San Felipe, Suite 1200
Houston, Texas 77027

Joel P. Babineaux, Esq.
Karen T. Bordelon, Esq.
Olivia S. Regard, Esq.
Babineaux, Poché, Anthony & Slavic, LLC
1201 Camellia Boulevard, Third Floor
Lafayette, Louisiana 70508

/s/ G. SCOTT FIDDLER

_____
G. SCOTT FIDDLER