UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD BARNES, individually and on behalf of other similarly situated employees and former employees of Defendants, §§§§§§§ <br><br> *Plaintiff*, §§ <br><br> v. §§ <br><br> PETROLEUM COORDINATORS, INC. AND PLAINS EXPLORATION & PRODUCTION COMPANY, §§§§§ <br> *Defendant it al.* § | CIVIL ACTION H:12-1132 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendants Petroleum Coordinators, Inc. ("Petroleum") and Plains Exploration & Production Company's ("Plains") motion to transfer venue. Dkt. 14. Upon consideration of the motion, plaintiff Richard Barnes's ("Barnes") response,[1] and the applicable law, Petroleum and Plains's motion to transfer this case to the Western District of Louisiana is DENIED.

**I. BACKGROUND**

This is a dispute between Barnes and his employers Petroleum and Plains relating to payment practices under the Fair Labor Standards Act ("FLSA"). Petroleum is a Louisiana corporation, operating as a staffing company for other places of business, with its principal place of business in Lafayette, Louisiana. Dkt. 15 at 2. Plains is a Delaware corporation with its principal place of business in Houston, Texas. *Id.*

In early April, 2011 Barnes was hired by Petroleum to work specifically for Plains. Dkt. 16 at 3–4. Barnes spent two days in Louisiana filling out paperwork and attending a safety orientation

---

[1] Plaintiff's response also included a motion to defer the ruling. Due to the denial of the motion to transfer, Plaintiff's motion to defer the ruling is denied as moot.

before reporting to Plains in Houston, Texas on April 20, 2011. *Id.* While at Plains's corporate offices, Barnes underwent training in Plains's procedures and was told he was obligated to follow Plains's policies and procedures and the day-to-day instructions of his direct supervisors, Mark Pinson ("Pinson") and Curtis Lindsay ("Lindsay"). Dkt. 16 at 4 ¶ 2. After completing training, Barnes was assigned by Plains to work as a Rig Clerk on the Carmody Trust 6H well located in Karnes County, Texas.[2] *Id.*

Plains usually hired workers from staffing firms like Petroleum and those workers, Barnes included, were paid day rates. Dkt. 16 at 2. Day rates allow companies to pay employees a set rate regardless of how many hours he or she may work in a day. Dkt. 16 at 2. Barnes's wage payments were computed and processed at Petroleum's headquarters in Lafayette, Louisiana. Dkt. 15 at 3. Barnes day-to-day work was performed in Karnes County, Texas and overseen by Plains supervisors Pinson and Lindsay. Dkt. 16 at 4.

On June 9, 2011, Lindsay told Barnes that Pinson had replaced Barnes with a new Rig Clerk. *Id.* Shortly after, on June 13, 2011, a Plains supervisor contacted Petroleum and informed them Barnes was being terminated because he was not proficient enough at his job. *Id.* at 5.

Barnes filed his complaint alleging Plains and Petroleum violated Section 216(b) of the FLSA by paying him a day rate and thus failing to provide overtime pay as an employee. *Id.*; Dkt. 1 at 1. Plains and Petroleum answered, denying all allegations under the FLSA and disputing Barnes's claim that he was an employee as opposed to an independent contractor. *See* Dkts. 7, 8. Petroleum and Plains subsequently filed a motion to transfer venue pursuant to 28 U.S.C. § 1404.

---

[2] Karnes County is located in the Western District of Texas. Dkt. 15 at 2.

## II. ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In assessing whether transfer is merited, courts employ a two-prong inquiry. First, the court must determine whether the claim could have been filed in the transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Second, if jurisdiction is appropriate, the court balances eight private and public interest factors, none of which is dispositive. *Id.* at 315. The plaintiff's choice of forum is not a factor in this analysis, but rather contributes to the defendant's burden to show "good cause" for the transfer. *Id.* at 315 n.10. The defendant shows good cause by demonstrating that the proposed venue is clearly more convenient for the parties and witnesses than the current venue. *Id.* at 315.

### 1. *Propriety of Filing in the Transferee District*

The threshold determination is whether the claim could have been brought in the transferee district. Barnes claims federal-question jurisdiction under U.S.C. § 1331 as well as diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 at 3. Federal-question jurisdiction is present when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Barnes alleges that Petroleum and Plains violated the FLSA, a federal statute. Dkt. 1 at 3. Federal-question jurisdiction is thus present under these allegations, and the matter is properly before a federal court.

Regarding venue, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1) & (2). A corporation resides in any judicial district "in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (explaining that a corporation is subject to a court's general jurisdiction in its place of incorporation or principal place of business, which are fairly regarded as its home). The parties do not dispute that the Western District of Louisiana has personal jurisdiction over Petroleum as Petroleum's principal place of business is in Lafayette. Further, neither party disputes that the Western District of Louisiana has personal jurisdiction over Plains. Thus, assuming *arguendo* that Plains is subject to personal jurisdiction in the Western District of Louisiana, Barnes's claim "might have been brought" in the Western District of Louisiana, and the court now turns to examine whether the private and public interest factors weigh in favor of transfer.

### 2. *Balancing of Private and Public Interest Factors*

#### a. **Private Interest Factors**

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315 (internal quotation marks omitted).

*i. The Relative Ease of Access to Sources of Proof*

The Fifth Circuit considers the sources of proof consideration as a "meaningful factor" in the analysis, even though recent advancements in copying technology and information storage now present a lesser inconvenience for parties than in the past. *Id.* at 316. Petroleum and Plains argue

4

that to prove their defense they will rely on the decisions made regarding Barnes's wages and additional employment information which are located in Lafayette, Louisiana. Dkt. 15 at 7. However, even if Petroleum is based in Lafayette, Louisiana, it appears that the majority of the documents and other proof related to this FLSA suit will be found at Plains's offices in Houston, as this dispute will focus on Barnes's daily responsibilities to determine whether he was an employee or independent contractor. This factor weighs in favor of denying transfer.

*ii. The Availability of Compulsory Process*

Petroleum and Plains argue that pursuit of this action in the present venue would limit the power to issue compulsory process to Petroleum's employees and former employees in Lafayette, Louisiana, which is more than 100 miles from this Court. Dkt. 15 at 10. However, they fail to identify any key witnesses that would be unavailable and, thus, failed to meet their burden that "movants for transfer 'must specifically identify key witnesses and outline the substance of their testimony.'" *Tellis Software, Inc. v. PokerTek, Inc.*, No. G-07-00072, 2007 WL 2314316 (S.D. Tex. Aug. 10, 2007) (Miller, J.) (quoting *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993)). This factor weighs in favor of denying transfer.

*iii. Costs of Attendance for Willing Witnesses*

The relative convenience to the witnesses is often recognized as the most important factor in the transfer analysis. *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005). When key witnesses must travel more than 100 miles, inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen*, 545 F.3d at 317. As noted above, key witness testimony will focus on Barnes's day-to-day responsibilities and work assignments to determine his status as an employee or independent contractor. Dkt. 16 at 4. Those witnesses, and relevant agreements executed by company officers and other principals, are

located at Plains's headquarters or are Plains employees who all reside in Harris or adjacent counties. *Id.* It will thus be more convenient for them to have the case litigated and tried in Houston. And while Petroleum and Plains mention in their motion that one witness, Glenn Wofford, is located in Lafayette, they do not identify any additional particular witnesses or how their testimony will be relevant to the coverage issues. Dkt. 15 at 7. This factor weighs in favor of denying transfer.

*iv. Other Practical Problems*

Neither party has identified any practical problems that may affect the court's transfer analysis. Dkt. 16 at 18-19; Dkt. 15 at 10-11. This factor is neutral.

**b. Public Interest Factors**

The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315.

*i. Administrative Difficulties*

There is a minor disparity in the median disposition times for civil cases in the Southern District of Texas and the Western District of Louisiana. This factor is neutral. Dkt. 16 at 19 (citing CASELOAD STATISTICS 2011, Table C-5, *available at* http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2011.pdf).

*ii. Local Interests*

The Supreme Court has stated that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839 (1947). This case has factual connections with this forum as well as the alternative forum. However, most, if not all, of the key witnesses work and reside in the

6

Houston area, and all of the daily routines and tasks of Barnes were performed and supervised by Plains's employees, whose principal place of business is also located in Houston. Dkt. 16, Ex. 1A. This factor weighs in favor of denying transfer.

### iii. Familiarity of the Forum with the Governing Law

When a controversy is governed by state law, a court should consider the desirability of having a case decided by a court in a state who substantive law governs the action. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). However, this factor is neutral when the predominant issues in the case involve federal law. *See Action Indus. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). This factor is neutral.

### iv. Avoidance of Unnecessary Problems in Conflict of Laws

Neither party raises any unnecessary conflict of laws problems. Dkt. 16 at 21; Dkt. 15 at 11. Accordingly, this factor is neutral.

## III. CONCLUSION

As all the factors are either neutral or weigh in favor of denying transfer, Petroleum and Plains have not met their burden to show good cause for a transfer of venue. Accordingly, the interests of justice are best served by denying transfer and proceeding with this case in the Southern District of Texas. The motion is hereby DENIED.

It is so ORDERED.

Signed at Houston, Texas on October 1, 2012.

_____
Gray H. Miller
United States District Judge